UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ELLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BERGSEN,<br><br>　　　　　Defendant. | No. 2:14-cv-705-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.　Request to Proceed In Forma Pauperis**

　　Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

## II.     Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

1  content that allows the court to draw the reasonable inference that the defendant is liable for the
2  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a
3  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
4  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to
5  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

6  **III.    Screening Order**

7  　　　　The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be
8  dismissed for failure to state a claim.  Through the instant action, plaintiff seeks the return of a
9  cassette player and an "adult magazine" that were improperly confiscated by defendant Bergsen.
10 *See* ECF No. 1.

11 　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
12 that a right secured by the Constitution or laws of the United States was violated, and (2) that the
13 alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*,
14 487 U.S. 42, 48 (1988).

15 　　　　The Due Process Clause protects prisoners from being deprived of property without due
16 process of law, *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974), and prisoners have a protected
17 interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  The United
18 States Supreme Court has held, however, that "an unauthorized intentional deprivation of
19 property by a state employee does not constitute a violation of the procedural requirements of the
20 Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the
21 loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  California provides an adequate
22 postdeprivation remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam)
23 ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under
24 section 1983 if the state has an adequate post deprivation remedy.").  Thus, plaintiff's due process
25 claim fails because he has an adequate post deprivation remedy under California law.  In addition,
26 prohibiting prisoners from possessing sexually explicit materials is not unconstitutional.  *See*
27 *Mauro v. Arpaio*, 188 F.3d 1054, 1059 (9th Cir. 1999) (prohibiting jail inmates from possessing
28 sexually explicit material not unconstitutional); *Frost v. Symington*, 197 F.3d 348 (9th Cir. 1999)

(confiscation of pornographic magazines not unconstitutional).  Thus, plaintiff's claim that he is entitled to his adult magazine, which depicts nudity, because he is neither "a rapist [nor a] predator of females or correctional guards" is not cognizable.

Because the deficiencies in plaintiff's claims cannot be cured by further amendment, the complaint is dismissed without leave to amend.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted));  *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**IV.   Summary of Order**

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 6, 7) is granted.
2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. This action is dismissed for failure to state a claim and the Clerk is directed to close the case.

DATED: July 24, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE